IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN BALLANCE, | ) | CASE NO. 7:15CV00645 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Kevin Ballance, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials are punishing him for his refusal to sign a waiver of his right to access the courts. Balance has also filed a separate motion for interlocutory injunctive relief, claiming that he will suffer harm if the court does not direct prison officials to allow him to possess personal property, including hygiene items. Upon review of the record, the court finds that this motion must be denied as without merit.

Ballance alleges that after his transfer to River North Correction Center ("RNCC") on December 3, 2015, officials there informed him that if he wished to possess his personal property items at RNCC, he was required to sign a release of liability form. Ballance refused to sign this form and as a result, has not been allowed to receive or possess any personal property items. He alleges that without court intervention, he cannot possess food or hygiene items, books, magazines, newspapers, religious materials, or writing materials, and cannot send or receive mail.

The court takes judicial notice of the Virginia Department of Corrections (VDOC) regulations available online. Pursuant to VDOC Operating Procedure ("OP") 802.1, "as a condition of possessing personal property while confined in any state correctional facility," an

inmate "must complete an Offender Notification of Release of Liability." OP 802.1(IV)(A). This Release of Liability procedure provides that while an inmate's authorized property items are "in the physical possession of the [VDOC], the maximum liability for damage, loss, or theft of any item . . . is limited to $50.00" in most cases. OP 802.1(IV)(B). By signing the release, the inmate agrees that "[i]tems with a value exceeding the limits of this procedure are retained solely at the offender's risk." Id. Failure to comply with the OP "may result in forfeiture of personal property privileges." OP 802.1(IV)(J).

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Such interlocutory injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Ballance does not submit a copy of the release form that officials have allegedly required him to sign. By his description of events, however, it appears that merely by signing the release form, Ballance could receive the property items that he seeks interlocutory relief to obtain. Because he has this alternative means for relief from the deprivations of which he complains, the court cannot find that he has demonstrated grounds on which interlocutory relief is warranted. Accordingly, the court will deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of January, 2016.

/s/ Glen Conrad
Chief United States District Judge

2