CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN BALLANCE,** | ) | CASE NO. 7:15CV00645 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Kevin Ballance, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials at River North Correctional Center withheld his personal property. Ballance is now confined at Green Rock Correctional Center, where one of the defendants was recently appointed as warden. Ballance has submitted a letter alleging that Green Rock officials are retaliating against him for this lawsuit, and he asks the court to "stop the retaliation and harassment." (ECF No. 63, at 2.) The court construes the letter as a motion for interlocutory injunctive relief that must be denied.

Ballance alleges that since Green Rock officials learned about this lawsuit, they have refused to allow him out of his cell to perform his work duties; if he fails to do his work or quits the job, he can allegedly be charged with a disciplinary infraction. Ballance also alleges that officers took books from his cell and are now requiring him to pay for the books. He alleges that his unit manager "tr[i]es his best to punish inmates." (Id.)

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Such interlocutory injunctive

relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Ballance fails to state facts meeting these four required elements. As an initial matter, his allegations of retaliation are merely conclusory, and therefore, do not indicate any likelihood of success on a retaliation claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Similarly, because Ballance does not describe any harm he has suffered from the allegedly retaliatory actions, he fails to make any showing of imminent irreparable harm. The court cannot find that he has demonstrated grounds on which interlocutory relief is warranted. Most importantly, Ballance does not indicate that he has exhausted administrative remedies as to his claims of retaliation at Green Rock, as required before he can litigate such claims in this court. See 42 U.S.C. § 1997e(a). Until he has given prison officials an opportunity to address the alleged violations, he can show neither likelihood of success nor likelihood of imminent harm.

For the stated reasons, the court concludes that Ballance cannot make the necessary, four-factor showing that his situation warrants interlocutory relief and will deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This 16th day of June, 2016.

_____
Chief United States District Judge

2